**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSE PARRA HERRERA,

Petitioner,

v. Case No. 1:26-cv-02007-KWR-LF

WARDEN, Cibola County Correctional Center;
MARY DE ANDA-YBARRA, District Director,
U.S. Immigration and Customs Enforcement;
ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;
AND TODD BLANCHE,
U.S. Attorney General, U.S. Department of Justice,

Respondents.

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus **Doc. 1**. Petitioner was detained by Immigration and Customs Enforcement ("ICE") at Cibola County Correctional Center. **Doc. 1 at 1.** In response to the Court's Order to Show Cause **(Doc. 7)**, Respondents assert that Petitioner was released on July 28, 2026 "from immigration detention on humanitarian parole." **Doc. 8**. The Court is unable to find Petitioner in the ICE custody locator and Petitioner has not responded to indicate that he remains in custody.

"Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851 (10th Cir. 2010). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation modified). "Once the controversy ceases to exist, the action is moot and this court lacks

jurisdiction." *Id.* at 851–52 (quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation modified)).

Generally, release from custody moots a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot . . . [when petitioner] is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted their habeas petition which challenged his immigration detention).

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002) (citation modified); *see Ricardo De Jesus Cisneros v. Markwayne Mullin*, No. 26–4015, 2026 WL 2364656 at *1–2 (10th Cir. 2026) (rejecting arguments for mootness exceptions in the immigration detention habeas context when the petitioner was released). The Court is cognizant that collateral consequences stemming from removal or removal proceedings are not relevant to whether the habeas petition challenging detention is moot. *See, e.g., Ferry*, 457 F.3d at 1132 ("But Ferry's inability to return to the United States is a continuing injury that stems from his removal order, not his detention.").

Here, the record clearly shows that the Petition is moot. In his Petition, Petitioner challenged his detention, he requested release or a bond hearing, and he has now been released. **Doc. 1 at 1–4**; **Doc. 8.** The Court issued an order to show cause whether this Petition is moot. **Doc. 7.** Petitioner did not respond to argue that this case is not moot. The record does not suggest that

any of the exceptions to mootness may apply. Therefore, the Petition is now moot, and this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE